IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIN MANAGEMENT CARE, P.C., <br><br> Defendant. | CIVIL ACTION NO. 1:16-CV-00119 |

**COMPLAINT**

THE UNITED STATES OF AMERICA respectfully alleges:

1.  This action is brought by the United States of America (hereinafter "Plaintiff") to enforce Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36, against Pain Management Care, P.C. (hereinafter "Defendant" or "PMC"). Defendant violated the ADA when it refused to treat Ralph Hardin, an individual with HIV, because of Mr. Hardin's HIV.

2.  The Attorney General has commenced this action based on a determination that a person or group of persons has been discriminated against and that such discrimination raises an issue of general public importance. 42 U.S.C. § 12188(b)(1)(B). The United States seeks declaratory and injunctive relief, compensatory damages, and a civil penalty against Defendant.

3.  This Court has jurisdiction over this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.

4. The Court may grant declaratory relief and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202 and may grant equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. § 12188(b)(2).

5. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Defendant is an Indiana-based Professional Corporation located at 2106 Ironwood Circle, South Bend, Indiana, 46635. Defendant provides interventional pain management treatment through anesthesiologist and pain management specialist Dr. Joseph Glazier at two clinical locations: 2106 Ironwood Circle, South Bend, Indiana, 46635, and 707 North River Drive #C, Marion, Indiana, 46952.

7. Defendant is a public accommodation within the meaning of 42 U.S.C. § 12181(7).

8. Ralph Hardin was referred to PMC for pain management care in or about November 2014 upon the closure of his prior pain management care provider's office.

9. Ralph Hardin has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 36.104. He has HIV, which is an impairment that substantially limits one or more major life activity, including the functions of the immune system, which is a major bodily function.

10. Mr. Hardin's treatment referral was for therapeutic injections, informally known as "cortisone shots," which was the pain management treatment he had been receiving previously on a bi-monthly basis.

11. In or about November 2014, Mr. Hardin first contacted PMC regarding his interest in receiving treatment at PMC's Marion clinic location.

12. Mr. Hardin spoke with Linda Glazier, a PMC employee, who requested preliminary documentation relevant to the treatment he was seeking, including medical records and other documentation.

13. Mr. Hardin provided documentation including paperwork from his previous pain management care treatment provider, a compact disk with a copy of an MRI scan relevant to the pain he was having, and other medical records.

14. Ms. Glazier followed up with Mr. Hardin to confirm receipt of the documentation and informed him that Dr. Joseph Glazier, an anesthesiologist and pain management specialist, and the sole treatment provider at the clinic locations, would contact him after reviewing his records.

15. On or about November 20, 2014, Ms. Glazier left Mr. Hardin a voicemail message stating that PMC would not treat him "due to the risks involved with needles and blood due to [his] condition of being HIV positive."

16. Shortly after receiving the message, Mr. Hardin contacted Ms. Glazier via telephone to request that PMC change its position and agree to provide treatment.

17. PMC continued to deny treatment to Mr. Hardin after the aforementioned request.

18. Following PMC's denial, Mr. Hardin actively searched for treatment providers in his geographic vicinity that could provide him pain management care, but was not able to find such a provider until June 2015.

19. PMC's discriminatory denial caused Mr. Hardin to endure over six months without needed pain management care and to experience emotional distress.

## CAUSE OF ACTION

### Title III of the Americans with Disabilities Act

20. The allegations of the foregoing paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

21. Mr. Hardin is an individual with a disability because he has an impairment that substantially limits one or more major life activities.

22. PMC discriminated on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182(a), and the Title III implementing regulation at 28 C.F.R. Part 36, by:

    (a) denying an individual or class of individuals, on the basis of disability, the ability to participate in or benefit from its goods, services, facilities, privileges, advantages, or accommodations by refusing to provide pain management treatment, in violation of 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202;

    (b) using standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.204; and

    (c) imposing or applying eligibility criteria that screen out, or tend to screen out, an individual with a disability or class of individuals with disabilities from fully and equally enjoying PMC's goods, services, facilities, privileges, advantages, or accommodations, in violation of 42 U.S.C. § 12182(b)(2)(A)(i) and 28 C.F.R. § 36.301(a).

23. Defendant has discriminated against a person or group of persons and that raises an issue of general public importance under 42 U.S.C. § 12188(b)(1)(B)(ii).

24. As a result of Defendant's discriminatory conduct, Mr. Hardin suffered physical pain and emotional distress. Mr. Hardin and other persons who may have been the victims of Defendant's discriminatory practices are aggrieved persons under 42 U.S.C. § 12188(b)(2)(B).

## **Prayer For Relief**

WHEREFORE, the Plaintiff United States prays that the Court:

A. Grant judgment in favor of the United States and declare that Defendant violated Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36;

B. Order Defendant, its officers, agents, employees, and all others in concert or participation with it, to comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36;

C. Order Defendant to take such affirmative steps as may be necessary to restore, as nearly as practicable, Ralph Hardin and other aggrieved persons to the position that they would have been in but for Defendant's conduct;

D. Award compensatory damages, including damages for pain, suffering, and emotional distress, to aggrieved persons under 42 U.S.C. § 12188(b)(2)(B), for injuries suffered as the result of Defendant's violations of Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36;

E. Assess a civil penalty against Defendant in the maximum amount authorized by 42 U.S.C. § 12188(b)(2)(C), to vindicate the public interest; and

F. Order such other appropriate relief as the interests of justice may require.

Respectfully submitted this 7th day of April, 2016.

FOR THE UNITED STATES OF AMERICA:

          LORETTA E. LYNCH
        Attorney General of the United States

|  |  |
|---|---|
|  | */s/ Vanita Gupta* |
| DAVID A. CAPP | VANITA GUPTA |
| United States Attorney | Principal Deputy Assistant Attorney General |
| Northern District of Indiana | Civil Rights Division |
|  |  |
|  | EVE L. HILL |
|  | Deputy Assistant Attorney General |
|  | Civil Rights Division |
|  |  |
|  | */s/ Rebecca B. Bond* |
|  | REBECCA B. BOND |
|  | Chief |
|  | KATHLEEN P. WOLFE |
|  | Special Litigation Counsel |
|  | AMANDA MAISELS |
|  | Deputy Chief |
|  | Disability Rights Section |
|  | Civil Rights Division |
|  |  |
| */s/ Deborah Leonard* | */s/ David W. Knight* |
| DEBORAH LEONARD | DAVID W. KNIGHT |
| Assistant U.S. Attorney | Trial Attorney |
| E. Ross Adair Federal Building | Disability Rights Section |
|   and U.S. Courthouse | Civil Rights Division |
| 1300 South Harrison Street, Room 3128 | U.S. Department of Justice |
| Fort Wayne, IN 46802-3489 | 950 Pennsylvania Avenue, N.W. – NYA |
| (260) 422-2595 | Washington, DC  20530 |
| deborah.leonard@usdoj.gov | 202-616-2110 |
|  | david.knight@usdoj.gov |

6