IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>     Plaintiff, )<br>          )<br>     v. )<br>          )<br>PAIN MANAGEMENT CARE, P.C., )<br>          )<br>     Defendant. )<br>          ) | CIVIL ACTION NO. |

# CONSENT DECREE

## I.    Introduction

1.    This matter is before the Court for entry of a Consent Decree agreed upon by the Parties, Plaintiff United States of America and Defendant Pain Management Care, P.C. ("PMC").  The United States alleges that PMC discriminated against a person with HIV ("Complainant"), in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*., by refusing to treat him because he has HIV.  More specifically, the United States alleges that 1) PMC denied Complainant the opportunity to participate in or benefit from PMC's goods, services, facilities, privileges, advantages, or accommodations; 2) PMC used standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; and 3) PMC imposed or applied eligibility criteria that screen out, or tend to screen out, an individual with a disability or any class of individuals with disabilities from fully and equally enjoying PMC's goods, services, facilities, privileges, advantages, or accommodations.

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The parties agree that venue is appropriate. The United States and PMC agree that it is in the Parties' best interests, and the United States believes that it is in the public interest, to fully and finally resolve this matter on mutually agreeable terms without resort to protracted litigation. The Parties hereby agree and stipulate to the Court's entry of all aspects of this Consent Decree in resolution of the United States' Complaint against PMC.

3. Plaintiff is the United States of America.

4. Defendant is Pain Management Care, P.C., an Indiana based Professional Corporation, located at 2106 Ironwood Circle, South Bend, Indiana 46635. PMC provides pain management treatment at two clinical locations: 2106 Ironwood Circle, South Bend, Indiana 46635, and 707 North River Drive #C, Marion, Indiana 46952.

5. PMC is a public accommodation within the meaning of 42 U.S.C. § 12181(7). Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS, AND ORDERS THE FOLLOWING:

## II.   Injunctive Relief

<u>General Obligations</u>

6. PMC shall comply with the requirements of Title III of the ADA, 42 U.S.C. § 12182, and its implementing regulation, 28 C.F.R. Part 36. The ADA prohibits discrimination on the basis of disability, including HIV, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201. That mandate includes, but is not limited to, the following:

   a. PMC shall not deny an individual on the basis of disability, including

2

HIV, the opportunity to participate in or benefit from its goods, services, facilities, privileges, advantages, or accommodations, pursuant to 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202;

   b. PMC shall not utilize standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, including HIV, pursuant to 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.204; and

   c. PMC shall not impose or apply eligibility criteria that screen out, or tend to screen out, an individual with a disability or any class of individuals with disabilities (including HIV) from fully and equally enjoying its goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered, pursuant to 42 U.S.C. § 12182(b)(2)(A)(i) and 28 C.F.R. § 36.301(a).

<u>Non-discrimination Policies and Procedures</u>

 7. Within 14 calendar days of the entry of this Consent Decree, PMC shall develop a written non-discrimination policy to be included in any internal policy handbook, guidance, or materials; post the policy on the front page of its website (currently at www.southbendpain.com); and include it on all external publications or advertisements.  The policy shall state: "Pain Management Care, P.C., does not discriminate on the basis of disability, including HIV.  All individuals, including persons with HIV, have an equal opportunity to treatment from Pain Management Care, P.C."  Additionally, PMC shall amend or remove any existing policies or statements that prescribe or indicate any denial or limitation of treatment for individuals with disabilities, including HIV.  Within 14 calendar days of the entry of this Consent Decree, PMC shall send copies of all revised written materials to the United States for its review and approval.

8. PMC shall adopt and implement the written materials approved by the Department within 14 calendar days of receipt, and shall disseminate a copy of its new and/or modified policies and practices to all employees.  Throughout the term of this Decree, PMC will disseminate these policies and practices to all new employees within 30 days of their hire.

Training

9. PMC shall provide ADA training to all of its management and employees that regularly interact with new or current patients within 60 calendar days of the entry of this Decree, and every year thereafter for the Term of this Consent Decree.

10. The ADA Training shall address:

    a. the requirements of Title III of the ADA, including that individuals with HIV are covered by the ADA's prohibition on discrimination;

    b. a general overview of the terms and obligations of this Decree; PMC will provide a copy of the Consent Decree to each training participant;

    c. the reporting obligations under Paragraphs 14-16 of this Decree; and

    d. PMC's nondiscrimination obligations under the ADA, including specifically the "General Obligations" outlined at Paragraph 6 of this Decree.

11. The ADA Training shall be conducted by an individual or individuals with substantive knowledge of the ADA and who is/are neither an employee(s) of PMC nor involved in the negotiation of this Decree.  The ADA Training shall be conducted live, with a group opportunity to pose questions to the individual(s) conducting the training at the conclusion of the training session.

12. PMC shall send to counsel for the United States for pre-approval the name(s), qualifications (including resume(s)), and contact information of the individual(s) who will

conduct the training, no later than 30 calendar days after the entry of this Consent Decree. The trainer must be pre-approved by the United States.

13. For each session of the ADA Training conducted under this Consent Decree, PMC shall maintain attendance logs reflecting the date of the training, names and titles of attendees, and the attendees' signatures.

Reporting

14. Initial Regular Report: Within 120 calendar days following the entry of this Decree, PMC shall submit a report to the United States confirming its implementation of the policies referenced in Paragraph 7-8 ("Non-discrimination Policies and Procedures") as well as its fulfillment of the requirements of Paragraph 6 ("General Obligations") and Paragraph 9-13 ("Training"). PMC shall provide the Department with the attendance logs maintained for the ADA Training under Paragraph 13.

15. Subsequent Regular Reports: For the Term of this Decree, every year on the anniversary of the due date of the Initial Regular Report, PMC shall submit a Subsequent Regular Report to the Department regarding its compliance with this Decree. The report shall include, for the period since the prior report to the Department, the following:

   a. All dates of the PMC's ADA Training conducted pursuant to this Decree;

   b. All attendance logs associated with the ADA Training conducted pursuant to this Decree; and

   c. PMC's continued fulfillment of the obligations of Paragraph 6 ("General Obligations"), Paragraphs 7-8 ("Non-discrimination Policies and Procedures") and Paragraphs 9-13 ("Training").

16. Immediate Reports: During the Term of this Decree, PMC shall notify the United

States within 10 calendar days of:

    a.    The request for new treatment by any individual with HIV or for continued treatment by any individual whose HIV status becomes known to PMC. In such an instance, PMC will identify the individual by initials only, and the United States shall protect the confidentially of such information. Thereafter, PMC shall inform the United States of the status of the prospective patient's request for treatment, and for any such individual who is denied treatment, provide an explanation, as well as documents (including, but not limited to, internal and external email correspondence), indicating why.

    b.    The decision to stop treating any individual with HIV. Such notification shall include all documents (including, but not limited to, internal and external email correspondence) relating to the decision to stop treatment for the subject individual.

    c.    Knowledge of any lawsuit, written complaint, charge, or other allegation that PMC has engaged in disability-based discrimination and/or violated the ADA with regard to a person with HIV. Such notice will include, at a minimum, a description of the nature of the allegation, the name(s) of the individual(s) bringing the allegation, and all documentation possessed by PMC relevant to the allegation.

    d.    All reports required pursuant to this Agreement shall be delivered to the undersigned counsel or other person specified by the Department.

### III.  Monetary Relief

17.    Within 90 calendar days of PMC's receipt of a completed release, Attachment A, PMC agrees to pay and deliver $20,000 in compensatory damages to the Complainant identified by the United States by check made payable to the Complainant.

## IV.   Civil Penalty

18.   PMC shall issue a check in the amount of $10,000, payable to "U.S. Department of Justice – Civil Rights Division" as a civil penalty, pursuant to 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3).  Counsel for Defendant shall deliver the check to counsel for the United States within five calendar days of the effective date of this Consent Decree.  This check shall be sent via overnight courier delivery to: Chief, ATTN: US v. Pain Management Care, P.C. – DJ # 202-26-80, Disability Rights Section, Civil Rights Division, United States Department of Justice, 1425 New York Avenue, NW, 4th Floor, Washington, DC 20005.

## V.   Implementation and Enforcement

19.   Effective Date: The effective date of this Decree is the date that the Court enters the Decree.

20.   Term: The duration of this Decree will be 30 months from the date of entry by the Court.

21.   Retention of Jurisdiction: The Court shall retain continuing jurisdiction for the duration of the Consent Decree to enforce the terms of the Consent Decree. The United States may apply to the Court for such further orders as may be necessary for, or consistent with, the enforcement of this Consent Decree.

22.   Non-Waiver: Failure by the United States to enforce any provision of this Consent Decree shall not be construed as a waiver of its right to enforce any provisions of the Consent Decree.

23.   Review: The United States may review compliance with this Consent Decree at any time.  If the United States believes that this Consent Decree or any portion of it has been violated, it will raise its concerns with PMC and the parties will attempt to resolve those

concerns in good faith. The United States will give PMC 30 days from the date it notifies PMC of any breach of this Consent Decree to cure that breach before filing a motion for contempt or taking any other enforcement action.

24. <u>Severability</u>: If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

25. <u>Litigation Hold</u>: The parties agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 1. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in Paragraph 1, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Decree.

26. <u>Binding Nature of Consent Decree</u>: This Consent Decree shall be binding upon PMC, its agents, employees, and successors-in-interest.

27. <u>Authority</u>: The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Consent Decree.

28. <u>Entire Agreement</u>: This Consent Decree, including Attachment A, constitutes the entire agreement between the United States and PMC on the matters raised herein and no other statement or promise written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree, including its attachments, shall be enforceable.

29. <u>Other Violations</u>: This Consent Decree shall have no impact upon the rights or claims of any other individual not identified in this Consent Decree who has made, or may make, claims against PMC for issues discussed herein. This Consent Decree is not intended to remedy

any other potential violations of the ADA or any other law, other than the violations alleged in the United States' Complaint in the above-captioned matter.  Nothing in this Consent Decree shall preclude the United States from filing a separate action under the ADA for any alleged violation not covered by this Consent Decree.

SO ORDERED this 27th day of May, 2016**.**

s/ Philip P. Simon
Chief Judge, Northern District of Indiana

By their signatures below, the Parties respectfully consent to the entry of all aspects of this Consent Decree.

Respectfully submitted this 7th day of April, 2016.

FOR THE UNITED STATES OF AMERICA:

| | |
|---|---|
| DAVID A. CAPP<br>United States Attorney<br>Northern District of Indiana | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division<br><br>EVE L. HILL<br>Deputy Assistant Attorney General<br>Civil Rights Division<br><br>REBECCA B. BOND<br>Chief<br>KATHLEEN P. WOLFE<br>Special Litigation Counsel<br>AMANDA MAISELS<br>Deputy Chief<br>Disability Rights Section<br>Civil Rights Division |
| DEBORAH LEONARD<br>Assistant U.S. Attorney<br>Northern District of Indiana<br>United States Attorney's Office<br>5400 Federal Plaza, Suite 1500<br>Hammond, IN  46320<br>(219) 937-5500<br>deborah.leonard@usdoj.gov | */s/ David W. Knight*<br>DAVID W. KNIGHT<br>Trial Attorney<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. – NYA<br>Washington, DC  20530<br>202-616-2110<br>david.knight@usdoj.gov<br><br>4/5/2016<br>Date |

FOR PAIN MANAGEMENT CARE, P.C.

*/s/ Joseph Glazier*
DR. JOSEPH GLAZIER
Pain Management Care, P.C.
2106 Ironwood Circle
South Bend, Indiana  46635

April 6, 2016
Date

**Attachment A**
**Release of Claims**

For and in consideration of the relief offered by Pain Management Care, P.C., d/b/a Pain Management Care ("PMC") pursuant to the Consent Decree between the United States of America and PMC arising out of Department of Justice Investigation No. 202-26-80:

I, _____, the Complainant who initiated Department of Justice Investigation No. 202-26-80, hereby release and forever discharge PMC and its current, past, and future officials, employees, and agents, of and from any legal and/or equitable claims arising out of the facts identified in the Complaint and/or Consent Decree related to Department of Justice Investigation No. 202-26-80.  As a result, I agree and promise that I will not file any Americans with Disabilities Act-related suit, charge, complaint, proceeding or action at law, in equity, or otherwise in any court, or any other judicial or administrative forum against PMC arising out of the facts identified in the Complaint and/or Consent Decree related to Department of Justice Investigation No. 202-26-80.  Excluded from this Release are any rights and claims that cannot be waived by law.

This Release constitutes the entire agreement between myself and PMC, without exception or exclusion.

I acknowledge that a copy of the Consent Decree has been made available to me.  By signing this Release, I acknowledge that I have been provided the opportunity to review the same with an attorney of my choosing.

This Release will be considered null and void in the event that PMC fails to deliver to me a check in the amount specified in the Consent Decree within ninety days of its receipt of this signed Release of Claims.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.


_____
Date


_____
Signature